Hitchcock, C. J.
In some respects, the bill in this case is very carelessly drawn, or care is taken to exclude from it some facts which it might be necessary for the court to know We are not informed when Samuel Colvin died, nor when letters of administration were taken upon his estate, either in Indiana or Ohio. We are informed that the Ohio administrator settled with the court, but we are not informed When this settlement was made. Whether the administrator in Indiana has ever made any settlement we know not, nor *395 do we know but that he may have now in his hands sufficient assets to satisfy this judgment. The only evidence before us upon this point, as disclosed in the bill is, that an execution issued to enforce the judgment in Indiana, has been returned. “ no goods and chattels,” etc. And the very copy of record, which is made part of the bill and which shows this return, shows, also, that at the time of the judgment, there were assets in the hands of that administrator more than sufficient to satisfy the amount of the judgment, or at least more than sufficient to satisfy the damages recovered. Why ■these assets were not appropriated to the payment of the judg-. ment it is difficult to conjecture, nor is any reason given why it was not done.
The case made in the bill is simply this: the complainant recovered a judgment against the administrator of Samuel Colvin, in Indiana, and now seeks by bill in equity, to recover the amount of that judgment from the heirs of Samuel Colvin, in Ohio. There is no charge of any fraud or mistake, nor is any trust pretended ip order to give the court jurisdiction, nor are there any circumstances connected with the case, rendering it necessary to resort to a court of chancery. 'The case of Piatt v. St. Clair’s Heirs et al. (6 Ohio R. 227), has been cited as an authority to sustain this proceeding, but the two cases are as much unlike as it is possible for two cases to be. In that case, lands-had been conveyed to defraud creditors — trusts had been created with the same view. All the circumstances were such as to render it utterly impossible for a court of law to do justice to the parties. Resort to equity was indispensably, necessary. The naked question in this case is, whether heirs can be compelled in equity to satisfy a judgment recovered, not against their ancestor, but against the administrator of that ancestor. After the recovery of that judgment, the administrator might have procured an order for the sales of the land descended to the heir, for its satisfaction; provided, there were no assets in his hands with which to make satisfaction. At least this *396 course might have been pursued if the land descended still remained with the heir, and there is nothing in this bill to show that such was not the fact.
Counsel for defendants insist, that the judgment recovered in Indiana, would' not have been competent evidence, in a suit commenced in Ohio, against the administrator in Ohio, or in other words, that no suit could have been sustained upon that judgment against the Ohio administrator, and therefore no suit can be maintained upon that judgment against the heirs of a decedent. In support of this position the case of Stacy v. Thrasher (6th Howard’s Rep. 44), is cited. That case fully sustains counsel in the position assumed. But we do not deem it necessary to dispose of this case upon this principle.
It is a suit against heirs, evidenced, not by. a bond, note, or judgment against their ancestor, but a judgment against his administrator. If it-were for a debt of the ancestor, the question would arise how far the heir is bound for the debt of the ancestor. At common law it would be only where he was-bound by the terms of the contract, or by a Rond, and in such case not beyond the assets or estate descen'ded from that ancestor. But there are now, and have been by our statutes, provisions extending this liability, and authorizing its enforcement, until the property descended is exhausted. No proceedings, however, can be had against the heir, so long as there is-a personal representative, an executor or administrator. At least, if there be a personal representative, he must be joined with the heir in the suit.
By the 232d section of the present act regulating the duties-of executors and administrators (Swan’s Statutes 334), it is provided, “ that after the settlement of any estate'by an executor or an administrator, and after the expiration of the time limited for the commencement of actions against him by the creditors of the deceased, the heirs, next of kin, widow as next of kin, devisees and legatees of the deceased shall be liable, in the manner provided in the following sections, for all debts which could not have been sued for, against the ex *397 ecutor or administrator, and for which provision shall not have been made according to the fourth part of this act.”
It is unnecessary to recite the subsequent sections of the act upon this subject, as it is admitted, and insisted that the act of March 12, 1831, “ defining the duties of executors and administrators” (Chase St. 1775), must control this case, the administration in this state having been granted under that act.
The 42d section of this latter act provides, “ that at the expiration of five years from and after the decease of any person, if the executor or administrator of such decedent shall have made final settlement with the court, and if not, then so soon as such final settlement shall be made, all lien upon the real estate of such decedent, for the payment of any claims against his or her estate, not presented to such executor or administrator before such final settlement, shall cease and determine; and such real estate may then be aliened by the heirs or devisees of such decedent, freed from the incumbrance of such claims.”
The next section is as follows: “ Nothing in the preceding section contained, shall impair the personal liability of heirs or devisees, for the payment of any claim against the estate of their ancestor or devisor; but such heirs and devisees shall remain liable to the full extent of the assets by them received from the estate of their ancestor or devisor; and any suit which could be brought and sustained against such ancestor or devisor, were he alive, may be brought and sustained against such heirs and devisees, after the executor or administrator of the ancestor or devisor shall have made final settlement with the court, until the assets, so received by such heirs or devisees, shall be exhausted: Provided, always, that such heirs or devisees may make any plea or defense to such suit which their ancestor or devisor could make, were he alive, and such said suit instituted against him,”
*398 These two sections seem principally to refer to claims not-liquidated in the course of administration. So far as claims are liquidated by the executor or administrator, or by judg ment against them, the same act makes ample provision for their payment, if the property of the estate is sufficient for that purpose. The personal property failing, real estate may be sold. And should an executor or administrator neglect to take the proper steps for the sale of real estate for the payment of debts, upon application to the court having jurisdiction of the subject, the proper remedy would be applied. In all cases where the law has prescribed an appropriate remedy, that remedy should be resorted to unless it be merely cumulative.
The 43d section of the act before recited declares, that “ heirs and devisees shall remain liable to the full extent of the assets by them received from the estate of their ancestor or devisor, for the payment of all claims against the estate of such ancestor,” and then goes on to prescribe the remedy or mode of enforcing payment, and this is.by suit. “Any suit which could be brought and sustained against the ancestor, were he alive,” may be brought and sustained against the heir or devisee. From this I understand, that if no suit could have been brought against the ancestor, neither can any suit be brought against the heir. And the appropriate form of action upon any claim against the ancestor, will be the appropriate form against the heir.
.The claim in the case now under consideration is based upon a judgment. The proper form of action in such case is debt. It must be an extraordinary case that will authorize a bill in equity to enforce judgment. Had this judgment been rendered against Samuel Colvin, it would have laid the foundation for an action of debt against him, and a like action, under the before recited section of the act of 1831, might have been sustained against the defendants as his heirs.
But this was not a judgment against the ancestor; ‘it never constituted a claim against him. True, it is a claim against *399 his estate, but not of that character which could be enforced against his heir by action. It is not a case provided for by statute, and this court cannot supply a remedy. *
The consideration of the judgment was of that character that an action-might have-been sustained for it, against Colvin, and had it not been reduced to judgment in an action against his administrator, an action might have been sustained against these heirs, but it would have been an action at law, not a bill in chancery.
If the position assumed by the defendant’s counsel, that in a case where administrators are appointed in two different states, upon the same estate, a judgment recovered against one of them, cannot be given in evidence against the other in a subsequent suit, be correct, perhaps this original cause of action still exists. For if such judgment cannot be given in evidence to sustain an action, it cannot be a defense against an action. But upon this point we express no opinion; it is sufficient for us to say, that the bill does not make such a case as entitles the complainant to relief in a court of equity. The demurrer is therefore sustained, and the bill dismissed with costs.